LUCIE LOGIE, APPELLANT, V. FRANK SNYDER ET AL., APPEL-
LEES.

FILED SEPTEMBER 20, 1935. No. 29305.

*William M. Ely, Samuel C. Ely* and *L. G. Nelson*, for
appellant.

*Ben H. Burritt, G. A. Farman, Jr.,* and *H. D. Curtiss,*
contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and
CARTER, JJ., and RYAN, District Judge.

ROSE, J.

This is a suit in equity in the nature of a creditor's
bill to cancel a deed to a quarter-section of land in Rock
county, a deed to two town lots in Bassett, a mortgage on
the two town lots, and to subject the real estate described
to the payment of a judgment. The creditor is Lucie
Logie, plaintiff. The defendants are Frank Snyder, Elinor
Snyder and Eva Hilborn. The Snyders are husband and
wife. Frank Snyder deeded the real estate in suit to
Elinor Snyder. Eva Hilborn is the holder of the mort-
gage on the two town lots.

Plaintiff pleaded that both deeds were without consider-
ation, and were executed for the purpose of hindering, de-
laying and defrauding plaintiff in the collection of the debt

owing by Frank Snyder to her and that the mortgage was executed and accepted with knowledge that the deed from him to his wife was fraudulent as to creditors and was executed and accepted for the purpose of hindering, delaying and defrauding his creditors.

The judgment which plaintiff is seeking to collect was recovered in her favor in the district court for Rock county against Frank Snyder April 3, 1933, for $1,084 on a promissory note. Execution thereon was issued May 3, 1933, and returned *nulla bona.*

The two deeds from Frank Snyder to his wife were executed February 29, 1932, and recorded March 3, 1932.

The Snyders executed in favor of Eva Hilborn a mortgage on the two town lots for $510 April 25, 1933, which was recorded April 27, 1933.

The facts outlined were pleaded in detail in the petition. In answers by defendants the fraud imputed to them was denied and good faith and full consideration in all the transactions and conveyances affirmatively alleged.

Upon a trial of the cause, the district court found the issues in favor of defendants and entered a judgment of dismissal. Plaintiff appealed.

Plaintiff invokes the doctrine that a deed from a husband to his wife is presumptively fraudulent as to a creditor of grantor and argues that the record herein does not contain such clear and satisfactory evidence as to overturn such presumption. Authorities on these propositions are discussed at considerable length. It is a well-settled rule of equity that the intent with which a husband deeds real estate to his wife, while he is indebted to others, is a question of fact. The trial *de novo,* therefore, required an examination of the evidence from every standpoint.

The quarter-section of land described in the petition is the homestead of the Snyders and, there being no evidence that it exceeded $2,000 in value, the suit as to that feature of the cause was properly dismissed by the trial court—a ruling not questioned on appeal. The controverted issues are limited to the two town lots which the husband deeded

to his wife and the mortgage by which those lots were encumbered by mortgage in favor of Eva Hilborn, defendant.

The deed to the town lots was executed, delivered and recorded more than a year before plaintiff procured her judgment. Elinor Snyder testified in her own behalf to the effect that she did not know of her husband's indebtedness to plaintiff or of the note evidencing it when she accepted her deed; that she received by check in 1915, from the estate of her father, whose home was in Virginia, near Richmond, $4,800, and entrusted the fund to her husband; that $3,200 of the money which her husband owed her was invested in a house on the two town lots which were formerly vacant; that she and her husband lived in the house for about five years and afterward moved to the quarter-section of land; that thereafter she received the rents from the house on the two town lots. The testimony contained details of the transactions enumerated and bore evidence of frankness and candor. It is uncontradicted. In a measure the husband's testimony was the same. It may fairly be inferred that the two town lots were of little value before the house thereon was constructed with money owing to Elinor Snyder by her husband. Whether it was built with money owing by the husband to the wife or whether he held the fund in trust for her, the consideration was amply sufficient for the deed. A fraudulent intent on her part to interfere with plaintiff in the collection of the judgment against grantor is not properly inferable from the evidence. The true import of the evidence is that the transfer was made in good faith without any fraudulent intent of either party. "To make a conveyance a fraudulent transfer, a fraudulent intent participated in by both parties to the transfer must exist." *Farmers & Merchants Nat. Bank v. Mosher,* 63 Neb. 130; *State Bank of Beaver Crossing v. Mackley,* 121 Neb. 28.

The good faith of the parties to the mortgage in favor of Eva Hilborn, defendant, is perfectly clear. After the valid transfer of the town lots in Bassett to Elinor Snyder,

she entered into a contract with Eva Hilborn to buy the latter's stock of merchandise in what is called in the record the "Midway Store." The parties to the sale invoiced the stock. The buyer assumed some unpaid debts of the seller and executed in her favor a mortgage on the town lots for $510, the remainder of the purchase price. Both parties acted in good faith. The buyer took immediate possession of the store and thereafter conducted it. There was no fraud in the transactions. The evidence will not admit of any other conclusion. Both deed and mortgage being valid, the dismissal is

AFFIRMED.